IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTTIE D. LOWE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1554

Opinion filed April 4, 2017.

An appeal from an order of the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Scottie D. Lowe, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant Scottie D. Lowe filed a Florida Rule of Criminal Procedure 3.800(a) motion in which he argues that his original 2008 sentence for felony theft, a third-degree felony, was illegal because the trial court sentenced him to 48

months of probation plus 18 months of inpatient treatment, which exceeded the five-year statutory maximum for this offense. In his second claim he asserts he is entitled to 254 days of jail credit.

The record indicates that the trial court imposed inpatient treatment as a condition of probation. See § 948.035, Fla. Stat. (2008) (allowing for imposition of inpatient treatment as a condition of probation). This probationary condition did not extend the 48-month term of probation, and thus this claim is meritless.

As to the second claim, Appellant asserts he was entitled to 254 days of jail credit. He needed to raise this claim pursuant to Florida Rule of Criminal Procedure 3.801, which affords a defendant a one-year period, measured from the date the sentence becomes final, in which to raise a jail credit claim. See Fla. R. Crim. P. 3.801(b). Appellant's sentence became final when this Court issued its mandate in the direct appeal, 1D13-4567, on June 2, 2015. Appellant filed the instant motion on January 22, 2016, and therefore his jail credit claim was timely under rule 3.801.

In response to this Court's show cause order, the state replied that it could not show cause as to why Appellant should not be afforded the opportunity to file a facially sufficient rule 3.801 motion. We therefore affirm this appeal but without

2

prejudice to Appellant filing a rule 3.801 motion within 60 days,[*] raising the claim of entitlement to the 254 days of jail credit.

AFFIRMED.

WOLF, RAY, and MAKAR, JJ., CONCUR.

---

[*] Subsection (e) of rule 3.801 incorporates five subsections of rule 3.850. One of those subsections, 3.850(f)(2), allows for the filing of an amended motion within 60 days when a defendant submits a timely but facially insufficient motion.